EDWIN G. ANGELL, Executor, etc., of WILLIAM G.
ANGELL, deceased, and SAMUEL G. ARNOLD, Respond-
ents, v. WALTER F. LAWTON, impleaded, with CARO-
LINE P. CRAWFORD, and others, Appellant.

*Action against joint debtors — death of one — supplemental complaint omitting
him.*

This action was brought against one B and others to compel a contribution for
losses alleged to have been sustained by plaintiffs on a joint undertaking between
himself and the defendants. After the commencement of the action B died,
and plaintiff, setting forth B's death, that he was a resident of California, and
had left no property within this State so that no personal representative could
be appointed in this State, applied for leave to file a supplemental complaint,
and asked leave to omit his name therefrom.
*Held,* that the application was rightly granted.

Appeal from order of the Special Term allowing the plain-
tiff to file a supplemental complaint.

*Woodward* and *Smith,* for the appellant. To a complete deter-
mination of the case presented by the pleadings, Samuel F. But-
terworth was a necessary party.

The plaintiffs elected to make him a party, and the course and
practice of courts of equity hold that he was a necessary party
and that no decree could be made without his presence.

His death could not change the position of things on that
question.

His legal representatives are now equally necessary parties.
(*Long* v. *Yonge,* 2 Sim., 369, Farren on Insurance, 128; *Evans*
v. *Stokes,* 1 Keen., 24; *Richardson* v. *Hastings,* 7 Beav., 323;
*McMahon* v. *Upton,* 2 Sim., 473; *Hills* v. *Nash,* 10 Jurist, 148.)

*Joseph H. Choate,* for the respondents. The plaintiffs were enti-
tled to the leave granted by the court below to proceed with the
action, omitting the name of Butterworth as a defendant therein.
(Barbour on Parties, 523; Dicey on Parties, 232; Story's Equity
Pleadings, § 78; *Wood* v. *Drummer,* 3 Mason, 317; *Cockburn* v.
*Thompson,* 16 Vesey, 326; *Darwent* v. *Walton,* 2 Atk., 510;
*Towle* v. *Pierce,* 12 Metc., 329; *Milligan* v. *Milledge,* 3 Cranch, 220.)

Davis, P. J.:

Samuel F. Butterworth was a defendant in this action when the same was commenced. Afterwards, and being then a resident of California, he died in that state, leaving a last will and testament, which has been admitted to probate by the court of probate in San Francisco. This action is against all the defendants, to compel a contribution for losses which, as the plaintiff alleges, were suffered and paid by him on a joint undertaking between himself and the defendants for the purpose of speculating in certain stocks. As it appeared on their application for leave to file a supplemental complaint, the plaintiffs after stating the death of Butterworth, the defendant, that he was a non-resident of the State, and a resident of California, and had left no property within this State, so that no personal representatives of said Butterworth could be appointed in this State, asked leave to omit his name from the supplemental complaint. The court below granted leave to file a supplemental complaint with that omission. On the death of Butterworth this action did not wholly abate, but only as to him; and under the statute and the authorities, it is very doubtful whether it could be revived against his representatives. (3 R. S. [5th ed.], 669, § 1; *Livermore* v. *Bushnell*, 5 Hun, 285.)

However that may be, the papers show that no authority exists for the appointment of representatives of Butterworth's estate within this State, nor are there any means or processes by which the representatives, if any there be in California, can be compelled to appear and submit to the jurisdiction of this court, so that the judgment rendered will be obligatory upon them in their representative capacity. No case precisely analogous is cited to us, but it is a well established rule in the English Court of Chancery that a party not residing within the jurisdiction of the court need not be made a party to the suit. (Story's Eq. Pl., § 28; *Cockburn* v. *Thompson*, 16 Ves., 326; *Dorwent* v. *Walton*, 2 Atk., 510; 1 Barb. on Parties, 523; *Towle* v. *Pierce*, 12 Met., 329.) But it is insisted that the same rule does not prevail in this State, because the Code provides for service by publication upon non-resident parties to an action. It is very doubtful, however, whether the provisions of the Code extend to such a case as that now before us, and it may well be questioned whether an attempt to bring in

the representatives of Butterworth by order of publication would be of any effect as against them.

It is also insisted that under section 452 of the Code, it is the right of the appellant to have the representatives of Butterworth brought in. That section provides that the court may determine the controvery as between the parties before it where it can do so without prejudice to the rights of others or by reserving their rights, but where a complete determination of the controversy cannot be had without the presence of other parties the court must direct them to be brought in. In this case, being an action for contribution by the several parties to the original transaction, it does not appear that the court cannot determine the controvery as between the plaintiff and the defendants who still remain parties after the omission of the name of Butterworth from the complaint. This section has been held to mean that the court must direct other parties to be brought in, where a complete determination of the controversy between the parties already before it cannot be had without the presence of such other parties; and we see no reason for supposing that such complete determination as between them cannot be had. The result will be that if upon the trial it appears, as was claimed by the appellant that Butterworth's estate is responsible, nothing will be added to increase the contribution which the plaintiff's are entitled to against the appellant because of Butterworth's absence as a party to this action. On the contrary in respect to the contribution due from Butterworth or his estate, the plaintiffs will be obliged to resort to an action against them in California, and the judgment rendered here will be effectual as against the plaintiff at least to limit the extent of his recovery when he proceeds against such representatives.

We are of the opinion, therefore, that it was not error, although it may have been unnecessary, to give leave to omit the name of Butterworth as a defendant in the supplemental complaint.

The order should be affirmed with ten dollars costs besides disbursements.

BRADY and INGALLS, JJ., concurred.

Order affirmed with $10 costs and disbursements.